IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **COLONY INSURANCE COMPANY** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. _____ |
| | § | |
| **A&C CONSTRUCTION, INC.,** | § | |
| **SITTERLE HOMES-HOUSTON, LLC,** | § | |
| **LUIS ALBERTO RAMOS, as Next** | § | |
| **Friend of L.O.G., a minor, and as** | § | |
| **Representative of the Estate of ERIC** | § | |
| **MOLINA RAMOS, Deceased, MARIA** | § | |
| **VALENTINA RAMOS, Individually,** | § | |
| **and OSCAR ORLANDO MOLINA,** | § | |
| **Individually** | § | |
| | § | |
| *Defendants.* | § | |

## COMPLAINT FOR DECLARATORY JUDGMENT

**NOW COMES** Plaintiff Colony Insurance Company and files this Complaint for Declaratory Judgment, pursuant to 28 U.S.C. §§2201 and 2202, and respectfully shows:

## I.
## INTRODUCTION

1.1   This is an action for declaratory judgment to determine whether Plaintiff Colony Insurance Company (CIC) has a duty to defend and/or indemnify Defendant A&C Construction, Inc., and Sitterle Homes-Houston, LLC, under a general liability policy of insurance for claims asserted by Defendants Luis Alberto Ramos, as Next Friend of L.O.G., a minor, and as Representative of the Estate of Eric Molina Ramos, Deceased, Maria Ramos, Individually, and Oscar Orlando Molina, Individually (collectively, "Ramos") in a lawsuit styled *Luis Alberto Ramos, as Next Friend of L.O.G., a minor, and as Representative of the Estate of Eric Molina*

*Ramos, Deceased, and Maria Valentina Ramos, Individually, and Oscar Orlando Molina, Individually.*; No. 2018-78239, pending in the 215th Judicial District Court, Harris County, Texas (Underlying Lawsuit).

## II.
## PARTIES

2.1 Plaintiff CIC is a Virginia insurance company with its principal place of business in Richmond, Virginia.

2.2 Defendant A&C Construction, Inc., is a proprietorship, partnership or corporation, previously chartered as a domestic corporation, and doing business in the State of Texas, but which forfeited its right to do business under that name. According to the records of the Secretary of State for the State of Texas, Defendant A&C may be served with process by serving its president, Alfredo Espinoza, 17715 Memorial Drive, Tomball, Texas 77375, or wherever he may be found.

2.3 Defendant Sitterle Homes-Houston, LLC, is a Texas limited liability corporation with its principal place of business in Texas. Defendant Sitterle Homes may be served with process by serving its registered agent, Frank J. Sitterle, Jr., at 2015 Evans Road, Suite 100, San Antonio, Texas, 78258.

2.4 Defendant Luis Alberto Ramos, as Next Friend of L.O.G., a minor, and as Representative of the Estate of Eric Molina Ramos, Deceased, is an individual citizen of Texas residing in Harris County, Texas.

2.5 Maria Valentina Ramos is an individual citizen and resident of Texas.

2.6 Oscar Orlando Molina is an individual citizen and resident of Texas.

## III.
## JURISDICTION AND VENUE

3.1     This Court has jurisdiction pursuant to 28 U.S.C. §1332. The parties are of diverse citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

3.2     Venue is proper in the United States District Court for the Southern District of Texas, Houston Division, pursuant to 28 U.S.C. §1391(a)(2) because the Defendants reside or maintain their business there, and a substantial part of the events or omissions giving rise to the claim for declaratory relief occurred there.

## IV.
## THE UNDERLYING LAWSUIT

4.1     The Underlying Lawsuit was brought by Ramos against A&C and Sitterle Homes. Ramos alleges that on August 19, 2017, Decedent Eric Molina Ramos was standing on a scaffold, installing a wooden joist to the ceiling of a house under construction at 18114 Gilbreath Drive, Richmond, Texas, when the joist began to fall. He jumped off the scaffold, was hit by the beam, struck his head on an air machine and fell to the concrete floor, causing his death.

4.2     In the Second Amended Petition, Ramos alleges that the decedent was doing framing work at the time of the accident and that the defendants in the underlying lawsuit, A&C Construction, Luis Carbajal, and Sitterle Homes-Houston, failed to perform certain acts or omissions that constituted gross negligence and proximately caused the decedent's injuries and damages. Ramos also alleges that the underlying defendants had control of their employees and could have corrected the hazard but allowed the employees to use equipment improperly, exposing the employees to fall hazards, and that the underlying defendants exercised control and supervision of the work being performed by the decedent on the premises.

4.3 Ramos asserts a cause of action for negligence and gross negligence against A&C, Sitterle Homes, and Carbajal in the underlying lawsuit. He claims A&C and Sitterle Homes were negligent and grossly negligent and acted with malice. Ramos asserts a survival claim, as well as a wrongful death action. Ramos seeks actual and punitive damages. CIC is defending A&C and Sitterle Homes, respectively, pursuant to reservations of rights. None of the claims raised are covered under the Colony policy.

## V.
## THE COLONY POLICY

5.1 CIC insured A&C under policy no. GL4191925 for the period from December 17, 2016, to December 17, 2017. The policy includes general liability coverage with limits of $500,000 each occurrence and $1 million in the aggregate, with a $500,000 personal and advertising injury limit.

5.2 The insuring agreement of the Commercial General Liability Coverage Part, written on form CG 00 01 (04-13), reads as follows, in pertinent part:

> *a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. ...*
>
> *b. This insurance applies to "bodily injury" and "property damage" only if:*
> - *(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";*
> - *(2) The "bodily injury" or "property damage" occurs during the policy period; ...*
>
> ***
>
> *e. Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".*

Pertinent terms used in the insuring agreement are defined in the policy as follows:

> *"Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.*
>
> *"Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.*

5.3  The general liability coverage is subject to limitations and exclusions including exclusions that preclude coverage for bodily injury to employees, independent contractors and employees of independent contractors.

5.4  Coverage A also contains certain exclusions that may apply to preclude coverage for this claim. Exclusion e. states:

> *This insurance does not apply to:*
>
> **e. Employer's Liability**
> *"Bodily injury" to:*
>
> *(1) An "employee" of the insured arising out of and in the course of:*
>
> *(a) Employment by the insured; or*
> *(b) Performing duties related to the conduct of the insured's business; ...*
>
> *(2) The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph (1) above.*
>
> *This exclusion applies whether the insured may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay damages because of the injury.*
>
> *\*\*\**

The term "employee," as used in Exclusion e., is defined in the policy as follows:

> *"Employee" includes a "leased worker". "Employee" does not include a "temporary worker".*

Terms used in that definition of "employee" are defined in the policy as follows:

*"Leased worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business. "Leased worker" does not include a "temporary worker".*

*"Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short- term workload conditions.*

    5.5       The policy contains an endorsement, entitled "Exclusion – Injury to Any Temporary Workers, Volunteer Workers, Casual Workers or Independent Contractors" written on form U531A (03-10), which adds another exclusion for injury to non-employees who are working for the insured. It reads as follows:

> *A. This insurance does not apply to "bodily injury" or "personal and advertising injury" to:*
> *(1) any "temporary worker";*
> *(2) any "volunteer worker";*
> *(3) any "casual worker";*
> *(4) any independent contractor hired directly or indirectly by you or on your behalf;*
> *(5) any "employee" of any independent contractor hired directly or indirectly by you or on your behalf; or*
> *(6) any spouse, child, parent, brother, sister or registered domestic partner of (1), (2), (3), (4), or (5) above.*
>
> *This exclusion applies:*
> *(a) whether the insured may be liable as an employer, "executive officer" or in any other capacity;*
> *(b) to any obligation to share damages with or repay someone else who must pay damages because of the injury; and*
>
>                       \*\*\*
>
> *B. For the purpose of this endorsement only, **SECTION V - DEFINITIONS, 5.** "Employee" and **19.** "Temporary worker" are deleted in their entirety and replaced with the following:*
>
> *5. "Employee" includes a "leased worker", "temporary worker", "casual worker" or borrowed servant.*
>
> *19. "Temporary worker" means a person who is furnished to you to substitute for a permanent worker on leave or to meet seasonal or short-term workload conditions.*

> However, "temporary worker" does not include a person who is furnished to you by a labor union to substitute for a permanent worker on leave or to meet seasonal or short-term workload conditions.
>
> B. For the purpose of this endorsement only, **SECTION V - DEFINITIONS** is amended by the addition of the following:
>
> "Casual worker" means:
>
> **a.** A person, other than a person furnished to you by a labor union, who acts at the direction of and within the scope of duties determined by any insured, and is employed by any insured for a short time and for a limited and temporary purpose; or
>
> **b.** A person for whom any insured, or a labor leasing firm acting on behalf of any insured, does not withhold federal income taxes and pay federal unemployment tax.

The policy's definition of "volunteer worker" is as follows:

> "Volunteer worker" means a person who is not your "employee", and who donates his or her work and acts at the direction of and within the scope of duties determined by you, and is not paid a fee, salary or other compensation by you or anyone else for their work performed for you.

  5.6 The policy also contains a "Limitation of Coverage to Business Description" endorsement, written on form U159 (07-02), provides:

> SCHEDULE
>
> BUSINESS DESCRIPTION: Framing
>
> A. SECTION I - COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 1. Insuring Agreement, b. is amended and the following added:
>
> (4) The "bodily injury" or "property damage" is caused by or results from the business described in the Schedule.

\* \* \*

  5.7 The CIC policy contains an "Additional Insured – Owners, Lessees or Contractors – Scheduled Person or Organization" endorsement, written on form U156 (03-10) naming Sitterle Homes as an additional insured on the Colony policy for operations in Texas. The endorsement

states that the insurance for Sitterle Homes "shall be primary & noncontributory but only in the event of a named insured's sole negligence."

5.8 The Additional Insured Endorsement naming Sitterle Homes as an additional insured states:

> A. **SECTION II – WHO IS AN INSURED** *is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule for whom you [A&C] are performing operations when you and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy. Such person or organization is an additional insured only with respect to liability for "bodily injury" or "property damage" or "personal and advertising injury" caused, in whole or in part, by:*
>
> *1. Your acts or omissions; or*
> *2. The acts or omissions of those acting on your behalf;*
>
> *in the performance of your ongoing operations for the additional insured(s) at the location(s) designated above.*
>
> \*\*\*
>
> *B. With respect to the insurance afforded to these additional insureds, the following additional exclusions apply:*
>
> *This insurance does not apply to:*
>
> \*\*\*
>
> **Negligence of Additional Insured**
>
> *"Bodily injury" or "property damage" arising directly or indirectly out of the negligence of the additional insured(s).*

This endorsement provides, "It is further agreed that this insurance shall be primary & non-contributory but only in the event of a named insured's sole negligence."

## VI.
## BASIS FOR DECLARATORY RELIEF
## AGAINST A&C CONSTRUCTION

6.1 The Second Amended Petition in the underlying lawsuit asserts that the decedent was doing framing work on a house. It also alleges that A&C exercised control and supervision of the work the decedent was performing on the premises. The CIC policy restricts coverage to

framing work, so if A&C Construction was on the premises in some capacity other than as framing contractor, there would be no coverage.

6.2     The Second Amended Petition does not allege precisely the decedent's relationship to A&C, Sitterle Homes or Carbajal, or the relationship of the three underlying defendants to each other.

6.3     If the decedent was a direct employee of A&C Construction, coverage for his bodily injury would be precluded by Exclusion e., so CIC would have no duty to defend A&C Construction in the underlying lawsuit.

6.4     If the decedent was an independent contractor hired directly or indirectly by A&C Construction or on its behalf, an employee of an independent contractor hired directly or indirectly by A&C Construction or on its behalf, or even if he were a "temporary worker," a "volunteer worker," or a "casual worker," the independent contractor exclusion, which excludes bodily injury to non-employees who are working for the insured, would apply to preclude any duty to defend A&C Construction.

6.5     All of the claims in the Underlying Lawsuit arise out of bodily injury to Eric Molina Ramos, who was working as a framer on a residential construction project. A&C Construction's coverage under the policy was limited to framing work. The decedent was either an employee, an independent contractor, an employee of an independent contractor of A&C Construction, or one of the other categories of workers listed on that endorsement. The policy excludes coverage for any claim for bodily injury to anyone who qualifies as any of those employment statuses. Thus, there is no coverage for Ramos' claims under the CIC policy for A&C.

6.6     Because the policy language precludes coverage in its entirety for the allegations against A&C Construction in the Underlying Lawsuit, Colony is not obligated to provide A&C Construction with a defense.

6.7     Because the same reasons that preclude defense also preclude any indemnity obligation, Colony is also entitled to a declaration that no indemnity is owed for any judgment Ramos may obtain against A&C.

## VII.
## BASIS FOR DECLARATORY RELIEF
## AGAINST SITTERLE HOMES

7.1     The Additional Insured Endorsement on the CIC policy naming Sitterle Homes states that it is an additional insured only with respect to liability for "bodily injury," "property damage" or "personal and advertising injury" caused, in whole or in part, by A&C's acts or omissions or the acts or omissions of those acting on A&C's behalf in the performance of A&C's ongoing operations for Sitterle Homes in Texas. The plaintiffs in the underlying lawsuit have sued each of the underlying defendants, including A&C Construction and Sitterle Homes, for bodily injury to the decedent, Eric Molina Ramos. They allege that each of the underlying defendants acted with gross negligence. Each defendant is sued only for its own gross negligence, not the gross negligence of others, and the plaintiffs are not claiming that Sitterle Homes is responsible for injury caused by A&C's acts or omissions. Therefore, Sitterle Homes does not qualify as an additional insured under the CIC policy, and CIC has no duty to defend Sitterle Homes in the Ramos lawsuit.

7.2     Even if Sitterle Homes did qualify as an additional insured, the claims against it would be subject to the exclusion in the Additional Insured Endorsement for "bodily injury" arising directly or indirectly out of the negligence of the additional insured.

7.3	If Sitterle Homes did qualify as an additional insured, the claims against it would also be precluded by Exclusion e., the employee injury exclusion, or the independent contractor exclusion, set out above in Section V. Sitterle was the builder, and all contractors or subcontractors worked for it, either directly or indirectly. Therefore, even though the plaintiffs did not allege Ramos' exact relationship to any of the underlying defendants, he must have been either a direct employee of Sitterle Homes, in which case damages for his "bodily injury" are excluded by the employee injury exclusion, or he qualifies as one of the workers described in the independent contractor exclusion, in which case that exclusion would eliminate any possible coverage.

7.4	Because the policy language precludes coverage, in its entirety, for the allegations against Sitterle Homes in the Underlying Lawsuit, CIC is not obligated to provide Sitterle Homes with a defense.

7.5	Because the same reasons that preclude defense also preclude any indemnity obligation, CIC is also entitled to a declaration that no indemnity for Sitterle Homes is owed for any judgment Ramos may obtain.

## VIII.
## RELIEF SOUGHT

8.1	CIC seeks a declaration that the policy exclusions apply to preclude coverage for all of the allegations in the Underlying Lawsuit, that CIC owes no defense to A&C Construction or Sitterle Homes, and that CIC owes no indemnity for any liability that may be assessed against A&C Construction or Sitterle Homes in the Underlying Lawsuit.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff Colony Insurance Company prays for judgment declaring that it owes no duty to defend or indemnify A&C Construction or Sitterle Homes against the claims in the Underlying Lawsuit, and for such other and further relief, at law or in equity, to which it may be justly entitled.

Respectfully submitted,

TOLLEFSON BRADLEY MITCHELL & MELENDI, LLP

*/s/ Stephen A. Melendi*
Stephen A. Melendi — Attorney-In-Charge
State Bar No. 24041468
Southern Dist. Bar No. 38607
stephenm@tbmmlaw.com
Matthew Rigney
State Bar No.  24068636
Southern Dist. Bar No. 2870042
mattr@tbmmlaw.com
2811 McKinney Avenue, Suite 250
Dallas, Texas 75204
Telephone:	214-665-0100
Facsimile:	214-665-0199
**ATTORNEYS FOR PLAINTIFF
COLONY INSURANCE COMPANY**